IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICKY DOUGLAS CRAWFORD, JR.,      )
                                  )
               Petitioner,        )
                                  )        1:16CV476
     v.                           )        1:14CR138-1
                                  )
UNITED STATES OF AMERICA,         )
                                  )
               Respondent.        )


### MEMORANDUM OPINION AND ORDER

**OSTEEN, JR., District Judge**

Petitioner Ricky Douglas Crawford, Jr., a federal
prisoner, brings a Motion to Vacate, Set Aside, or Correct
Sentence pursuant to 28 U.S.C. § 2255. (Doc. 60.)

## I.   INTRODUCTION

In this case, Petitioner was found guilty of one count of
armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d),
and one count of carry and use of a firearm, by discharging,
during and in relation to a crime of violence in violation of 18
U.S.C. §§ 924(c)(1)(A)(iii). (See Doc. 21.) He was subsequently
sentenced to 382 months imprisonment as a career offender. (Doc.
31.) Petitioner's career offender enhancement was based on prior
North Carolina convictions of common law robbery and assault
with a deadly weapon with intent to kill inflicting serious

injury. (Presentence Report (Doc. 26) ¶ 22.) Petitioner appealed his Judgment to the United States Court of Appeals for the Fourth Circuit, and that court affirmed. (Docs. 51, 55.)

On May 11, 2016, Petitioner submitted his § 2255 Motion. (Doc. 60.) In his § 2255 Motion, Petitioner raises four grounds for relief, challenging his convictions and sentence based on (1) prosecutorial misconduct; (2) ineffective assistance of counsel by both his trial and appellate counsel; (3) his contention that his prior conviction for common law robbery is no longer a crime of violence under the Guidelines; and (4) his contention that his conviction for armed bank robbery is not a crime of violence, and thus cannot support his § 924(c) conviction. (Id.) Petitioner also filed a Memorandum, (Doc. 61), which elaborates on each of his grounds for relief.

The court previously stayed this matter pending the decision in Beckles v. United States, 580 U.S. ____, 137 S. Ct. 886 (2017). Based on the decision in that case, the stay was lifted and the briefing was completed. After Petitioner filed his original § 2255 Motion, he filed additional Amendments and Supplements, (Docs. 62, 66, 74, 75). In addition, Petitioner later filed a Motion to Amend, (Doc. 77), Motion for Judgment on

the Pleadings, (Doc. 78), and Motion for Appointment of Counsel, (Doc. 80).

## II.  DISCUSSION

### A.  Original § 2255 Motion

In Petitioner's original § 2255 Motion, he presents four grounds for relief.

#### 1.  Ground One — Prosecutorial Misconduct

In Ground One, Petitioner contends that the prosecutor in his case engaged in misconduct on multiple occasions during his trial. In his § 2255 Motion, Petitioner alleges that

> [The] Prosecutor . . . read aloud to the jury a letter allegedly written by the [Petitioner] during his rebuttal, compelling [the Petitioner] to be a witness against himself. Prosecutor introduced Shunta L. Frazier as a witness (jail-house informant) to recall a conversation between him and the [Petitioner], which was misleading the jury to believe it was a confession. Prosecutor called an alleged accomplice as a witness, Shiheem Williamson, the statements against interest were not supported by corroborating circumstances as required. Prosecutor did not provide any proof that the [Petitioner] gained knowledge of a confederates intent to carry or use a gun, other than [the] alleged accomplice's testimony.

(Motion (Doc. 60) ¶ 12 (Ground One).)

Thus, it appears that Petitioner brings four individual claims of prosecutorial misconduct. Petitioner's first claim appears to be challenging the prosecutor's remarks during his rebuttal argument. "Our circuit has a two-pronged test for

determining whether a prosecutor's misconduct in closing argument so infected the trial with unfairness as to make the resulting conviction a denial of due process. Specifically, a defendant must show [1] that the [prosecutor's] remarks were improper and [2] that they prejudicially affected the defendant's substantial rights so as to deprive [him] of a fair trial." United States v. Wilson, 135 F.3d 291, 297 (4th Cir. 1998) (internal citations and quotations omitted). In this case, Petitioner argues that the prosecutor engaged in misconduct by reading aloud a letter that was written by Petitioner and addressed to Shiheem Williamson, who was Petitioner's cousin and alleged accomplice. (Memorandum (Doc. 61) at 7.) Petitioner alleges that the reading of this letter to the jury amounted to compelling him to be a witness against himself and thus violated his Fifth and Sixth Amendment rights. (Id.) However, Petitioner does not provide any basis to find that the prosecutor's reading of the letter that had previously been admitted into evidence was improper. Furthermore, Petitioner cannot show that reading the letter during closing arguments prejudicially affected Petitioner's substantial rights so as to deprive him of a fair trial. The letter had already been introduced into evidence in full prior to this statement, and even absent the letter, there

was other substantial evidence introduced to establish Petitioner's guilt. Finally, the court gave curative instructions to the extent that any part of the prosecutor's statement implied any type of burden shifting. (See Trial Tr., Vol. 4 (Doc. 43) at 58-64.) For all of these reasons, this claim fails as a matter of law.[1]

Petitioner next alleges that the testimony of a jailhouse informant, Shunta Frazier, misled the jury to believe that Petitioner confessed. (See Motion (Doc. 60) ¶ 12.) It appears that Petitioner alleges that Mr. Frazier was an agent for the government or a confidential informant placed in his cell to improperly elicit information from him. (See Memorandum (Doc. 61) at 4-6.) However, he provides no support for this conclusory allegation. See United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[C]onclusory allegations contained in a § 2255

_____

[1] To the extent Petitioner may also be challenging the admissibility of the letter during trial, the court notes that the letter was authenticated by Shiheem Williamson and by April Blackwell, who received the letter from Petitioner and delivered it to Williamson. Williamson provided the letter to his lawyer who provided it to the Government, and there is no indication of any Government or state action in the creation or seizure of the letter. In addition, Williamson testified, and the letter was written by Petitioner. Thus, contrary to Petitioner's present claims, the letter was not a testimonial statement of a non-testifying co-defendant that would implicate. Bruton v. United States, 391 U.S. 123, 135-36 (1968).

petition may be disposed of without further investigation by the [d]istrict [c]ourt." (internal quotation marks omitted)). Petitioner also argues that the prosecutor characterized the testimony from Mr. Frazier as a "confession" by Petitioner, which amounted to prosecutorial misconduct. (Motion (Doc. 60) ¶12.)  However, it is not clear how such a characterization would amount to prosecutorial misconduct. Moreover, the trial transcript does not support Petitioner's allegation that this prior conversation between Mr. Frazier and Petitioner was in any way characterized as a confession. Specifically, throughout Mr. Frazier's testimony, the prosecutor questioned Mr. Frazier about any "conversations" he may have had with Petitioner, but does not make any reference to a "confession." (See Trial Tr., Vol. 3 (Doc. 41)] at 201-06.) Indeed, it appears that Petitioner is actually seeking to raise an evidentiary challenge to the introduction of Mr. Frazier's testimony in full, rather than a prosecutorial misconduct challenge. In this regard, Petitioner contends that Mr. Frazier's testimony was inadmissible because it was not supported by corroborating evidence. However, this argument also does not afford Petitioner any relief. Petitioner does not provide any basis for requiring corroborating evidence, and Petitioner has not presented any reason to conclude that the

testimony would be inadmissible. Based on later arguments, Petitioner may be contending that the evidence was admitted under Fed. R. Evid. 804(b)(3) as an exception to the general rule against hearsay and that corroboration was therefore required. However, Fed. R. Evid. 804(b)(3) did not apply; instead, under Fed. R. Evid. 801(d)(2), Mr. Frazier's testimony as to Petitioner's statements was not hearsay at all, and this claim is meritless.[2]

Petitioner similarly contends that the prosecutor committed misconduct by calling his alleged accomplice Shiheem Williamson to testify when the testimony was not supported by corroborating evidence. As with his prior contention as to Mr. Frazier, Petitioner appears to be challenging the admissibility of Mr. Williamson's testimony based upon the lack of corroboration.

---

[2] Moreover, evidentiary challenges such as this should be litigated at trial and on appeal, not on collateral review. A claim raised for the first time in a § 2255 motion generally is not reviewable unless a defendant demonstrates "both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167-68 (1982). Further, non-constitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465 (1976). Petitioner has not provided any cause excusing the procedural default, nor has he established actual prejudice. Therefore, Petitioner is precluded from bringing this evidentiary challenge as a new claim on collateral review.

However, the court notes that on direct appeal to the Fourth
Circuit, Petitioner raised a challenge to the admissibility
Mr. Williamson's testimony, and this argument was rejected by
the Fourth Circuit. United States v. Crawford, 626 F. App'x 405,
408 (4th Cir. 2015). Petitioner cannot challenge
Mr. Williamson's testimony on collateral review after litigating
this challenge on direct appeal. Boeckenhaupt v. United States,
537 F.2d 1182, 1183 (4th Cir. 1976). To the extent Petitioner's
claim here differs from his challenge to Mr. Williamson's
testimony on appeal, it fails on its merits. Petitioner again
appears to claim that the testimony needed corroboration because
it was admitted under Fed. R. Evid. 804(b)(3) as an exception to
the general rule against hearsay. However, under Fed. R. Evid.
801(d)(2), Williamson's testimony as to Petitioner's statements
was not hearsay at all. Therefore, Petitioner's claim fails as a
matter of law and will be denied.

In his final contention in Ground One, Petitioner argues
that the Government did not satisfy its burden of proof because
the prosecutor did not show that Petitioner had knowledge of his
alleged accomplice's intent to use or possess the gun.
Petitioner argues that the Government did not present sufficient
evidence to prove possession or use of the gun because there was

no firearm found on Petitioner and because the testimony of the alleged accomplice, Mr. Williamson, was not supported by corroborating evidence. (See Memorandum (Doc. 61) at 4.) As previously noted, Petitioner's challenge as to Mr. Williamson's testimony fails as a matter of law under Boeckenhaupt and is meritless in any event. To the extent that Petitioner is challenging the sufficiency of the evidence presented by the Government, that claim also fails as a matter of law under Boeckenhaupt. At the conclusion of Petitioner's trial, he brought a Rule 29 motion raising such a challenge, which was denied by the court. (See Trial Tr., Vol. 3 (Doc. 43) at 26–27.) On direct appeal, Petitioner challenged the denial of his Rule 29 motion, and the Fourth Circuit rejected that challenge. Crawford, 626 F. App'x at 408. As previously noted, Petitioner cannot use § 2255 to re-litigate an issue that has already been ruled on during direct appeal. Therefore, Petitioner's challenges as to the sufficiency of the evidence presented by the Government also fail as a matter of law and will be denied.

## 2. Ground Two — Ineffective Assistance of Trial Counsel and Appellate Counsel

In Ground Two of his § 2255 Motion, Petitioner brings ineffective assistance of counsel claims against both his

counsel at trial and on direct appeal. Specifically, Petitioner asserts that his

> [t]rial attorney did not file a Fifth [] Amendment coerced confession claim, did not file any motions to supress [sic] or substantiate as requested, did not bring to the court[']s att[ention] during sentencing that [Petitioner] only served one sentence for both prior [c]areer [] [o]ffender predicates. Appeal attorney did not raise the issue of the [Petitioner's] Fifth Amendment rights were violated, he did not bring to the court[']s attention that [c]ommon [] [l]aw robbery is not a violent felony and he misquoted Shunta L. Frazier's testimony in his Brief of Appellant. . . . Appellate attorney did not challenge whether [a]rmed [b]ank [r]obbery was a crime of violence according to the jury instructions.

(Motion (Doc. 60) ¶ 12 (Ground Two).) In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). With respect to the first prong of Strickland, a petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, to show prejudice, a petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. In Ground Two, Petitioner brings

seven individual ineffective assistance challenges, three of which are against his trial counsel and four of which are against his appellate counsel.

### i.  Ineffective Assistance of Trial Counsel

As to his challenges against his trial counsel, Petitioner first alleges that his counsel was ineffective for failing to challenge the Government's introduction of a coerced confession. As discussed above with respect to Ground One, to the extent Petitioner is raising challenges to the admissibility of Mr. Frazier's testimony, this claim fails as a matter of law. Furthermore, Petitioner has not presented any basis to show that his statements to Mr. Frazier were not voluntary, or that there would have been any valid basis to object to the admissibility of this evidence. Thus, Petitioner's attorney could not have prejudiced his case by failing to raise a baseless objection to Mr. Frazier's testimony on these grounds.

In his second claim against his trial counsel, Petitioner argues that his trial counsel was ineffective for failing to file a Motion to Suppress or what Petitioner calls a "Motion to Substantiate," after Petitioner requested him to do so. Petitioner provides no support for why either of these motions should have been filed, and as such, these conclusory

allegations do not afford Petitioner any relief. The court notes that according to the affidavit of Petitioner's trial counsel, Petitioner did write counsel a letter requesting that a motion to suppress be filed based on an alleged violation of his Fourth Amendment rights when the police searched his home following his arrest. (See Response (Doc. 70), Attach. B.) However, Petitioner acknowledges in that same letter that counsel would likely reply that there was no evidence to suppress. (Id.) Indeed, there appears to be no indication anywhere in the record that there was any evidence introduced from the search of Petitioner or his home at the time of his arrest. In a subsequent letter to his trial counsel, Petitioner appears to suggest that he would like Mr. Williamson's testimony suppressed. (Id.) However, Petitioner provides no grounds on which counsel could have based that motion. To the extent Petitioner seeks to challenge the credibility of Williamson's testimony, these issues were raised by counsel during the trial and ultimately resolved by the jury. Petitioner also contends that his trial counsel should have filed a pre-trial "Motion to Substantiate." Again, Petitioner provides no indication of what specific type of motion should have been filed and no reason for why this motion should have been filed, aside from his conclusory statement that the

evidence against him was not sufficient. Even if counsel had filed this motion, it would not have changed the outcome in Petitioner's case because any motion regarding the issue of substantiation would essentially be a review of the same evidence later reviewed in the Rule 29 Motion that was denied at trial. That denial was later affirmed on direct appeal. Therefore, Petitioner has not shown that trial counsel was deficient or that counsel's actions in regards to either a Motion to Suppress or Motion to Substantiate caused prejudice.

In his third claim against his trial counsel, Petitioner contends that his trial counsel was ineffective for failing to object to the use of his prior consolidated convictions as individual predicates to support his classification as a career offender. Specifically, Petitioner contends that "[p]rior to sentencing defendant advised [counsel] that he only served one sentence for both prior state convictions being considered for Career Offender predicates." (Memorandum (Doc. 61) at 11.) Petitioner also notes that counsel advised him that regardless of whether or not he served one sentence, these convictions could count as individual predicates because there was an intervening arrest. (Id.) Petitioner's claim is essentially a claim under United States v. Davis, 720 F.3d 215 (4th Cir.

2013). <u>Davis</u> held that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement." <u>Id.</u> at 216. However, in this case, Petitioner's two predicates, (1) North Carolina common law robbery and (2) assault with a deadly weapon with intent to kill inflicting serious injury, were two wholly separate offenses with individual sentences. (<u>See</u> Presentence Report (Doc. 26) ¶ 39, 43.) In fact, Petitioner was sentenced for common law robbery on April 2, 2003, and he was sentenced for assault with a deadly weapon with intent to kill inflicting serious injury on July 14, 2004. (Response (Doc. 70), Attachs. C, E.) Petitioner's original sentence of 20 to 24 months for the common law robbery conviction was suspended and he was placed on supervised probation for 60 months. (<u>Id.</u>, Attach. C.) During that time period, Petitioner violated his terms of probation and the court revoked his suspended sentence and imposed an active sentence of 20 to 24 months. (<u>Id.</u>, Attach. D.) Petitioner received a sentence of 93 to 121 months for the assault with a deadly weapon with intent to kill inflicting serious injury conviction. (<u>Id.</u>, Attach. E.) While Petitioner's active sentence for his assault conviction appears to have overlapped with the sentence Petitioner was required to serve upon revocation of his

suspended sentence in the common law robbery case, it is clear from the different offense numbers, different dates of judgment, and independent judgments in each case that these were not consolidated convictions. Therefore, even if Petitioner's counsel had raised a claim under Davis, Petitioner would not have succeeded on this claim. Thus, Petitioner cannot show that his counsel failed to reasonably perform or that counsel caused prejudice by failing to raise this challenge at trial.

### ii. Ineffective Assistance of Appellate Counsel

Next, Petitioner brings four individual claims of ineffective assistance of counsel against his appellate counsel. Such claims are judged using the Strickland test set out previously. See Lawrence v. Branker, 517 F.3d 700, 708–09 (4th Cir. 2008). Appellate counsel need not raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751 (1983); see also Smith v. Murray, 477 U.S. 527, 535 (1986); Evans v. Thompson, 881 F.2d 117, 124 (4th Cir. 1989) (declaring that counsel pursued sound strategy when he "determined what he believed to be petitioner's most viable arguments and raised them on appeal.") Winnowing out weaker arguments to press forward with more important points is part of effective appellate advocacy. Jones, 463 U.S. at 751–52.

Prejudice can be shown by demonstrating that "'counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.'" Bell v. Jarvis, 236 F.3d 149, 180 (4th Cir. 2000) (quoting Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994)). Here, Petitioner contends that his appellate counsel was ineffective for failing to raise his Fifth Amendment coerced confession claim. However, as previously noted, Petitioner has failed to present any basis to support such a challenge. Therefore, Petitioner's counsel was justified in winnowing out this argument in favor of more important issues on appeal. Moreover, raising such a baseless claim would not have changed the outcome of Petitioner's case, and Petitioner fails to show that his appellate counsel's actions prejudiced him in any way.

In his second claim against his appellate counsel, Petitioner argues that his counsel was ineffective for failing to challenge the use of his prior common law robbery conviction as a predicate offense to the career offender enhancement. Specifically, Petitioner contends that his common law robbery conviction is not a crime of violence under the Guidelines and thus should not have counted as a valid predicate for the career offender enhancement. Petitioner is essentially bringing a claim

under United States v. Gardner, 823 F.3d 793 (4th Cir. 2016),
which held that North Carolina common law robbery is no longer a
violent felony under the Armed Career Criminal Act, after
Johnson v. United States, 576 U.S. ____, 135 S. Ct. 2551 (2015).
However, counsel could not have based any argument on
inapplicable cases or cases not yet decided, and counsel was
also not ineffective for failing to anticipate changes in case
law. Moreover, Gardner has since been abrogated, see United
States v. Dinkins, 928 F.3d 349 (4th Cir. 2019), and even before
Dinkins, the Fourth Circuit held that common law robbery was a
crime of violence under the Sentencing Guidelines. See United
States v. Gattis, 877 F.3d 150, 158 (4th Cir. 2017, cert.
denied, ____ U.S. ____, 138 S. Ct. 1572 (2018). Thus,
Petitioner's common law robbery conviction would still qualify
as a predicate supporting Petitioner's status as a career
offender, and his attorney could not have prejudiced him by
failing to bring this challenge.

In his third claim against his appellate counsel,
Petitioner contends that his counsel misquoted the testimony of
Mr. Frazier in his brief on appeal. After careful review of the
record and the brief counsel submitted on direct appeal, there
do not seem to be any discrepancies between counsel's summary of

Mr. Frazier's testimony and the testimony noted in the transcript. See Brief of Appellant in <u>United States v. Crawford</u>, No. 15-4064, 2015 WL 3883149, at *8. Moreover, there is no basis to find that counsel's characterization of Mr. Frazier's testimony in the appeal brief prejudiced Petitioner in any way. Therefore, Petitioner's claim of ineffective assistance on this ground lacks merit and will be denied.

In his final claim against his appellate counsel, Petitioner contends that his attorney was ineffective for failing to challenge the classification of armed bank robbery as a crime of violence. Specifically, Petitioner contends that bank robbery is not a crime of violence because it does not meet the level of force required under the force clause of § 924(c)(3)(A). It appears that Petitioner is attempting to challenge the validity of his conviction under § 924(c)(1)(A)(iii) for carry and use of a firearm, by discharging, during and in relation to a crime of violence. However, in <u>United States v. McNeal</u>, 818 F.3d 141 (4th Cir. 2016), the Fourth Circuit determined that armed bank robbery is a crime of violence under the force clause of § 924(c)(3)(A). Thus, Petitioner cannot show that his counsel caused prejudice by failing to raise this claim on appeal.

### 3.   Ground Three — Challenge to Career Offender Status

In Ground Three of his Motion, Petitioner challenges his classification as a career offender under the Guidelines. Petitioner argues that under Johnson, his prior conviction for common law robbery is no longer a crime of violence. However, under Beckles v. United States, 580 U.S. ____, 137 S. Ct. 886 (2017), the advisory United States Sentencing Guidelines are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act.  Beckles, 137 S. Ct. at 895. Thus, like the petitioner in Beckles, Petitioner cannot obtain relief from his sentence by challenging the advisory Guidelines based on Johnson. Moreover, as noted above, Petitioner's common law robbery conviction would still qualify as a predicate supporting Petitioner's status as a career offender, in light of the Fourth Circuit's decision in Gattis, 877 F.3d at 158. Thus, Petitioner's claim on this ground fails as a matter of law and this claim will be denied.

Petitioner also contends that he was incorrectly classified as a career offender because his predicate convictions were consolidated for sentencing. As previously noted in Ground Two, Petitioner's claim on this ground is essentially one under Davis

and, because Petitioner's convictions were not actually a consolidated judgment or consolidated sentence, and the two individual predicates were in fact distinct offenses with individual judgments, Petitioner's claim on this ground also fails as a matter of law.

### 4. Ground Four — Challenge to Use of Bank Robbery as § 924(c) Predicate

In Ground Four of his Motion, Petitioner argues that armed bank robbery is not a crime of violence under the force clause of § 924(c)(3)(A). Specifically, Petitioner contends that "[t]he elements as instructed to the jury . . . did not require the jury to find beyond a reasonable doubt the use, attempted use, or threatened use of physical force." (Memorandum (Doc. 61) at 15.) Petitioner contends the Government's alternative theory of intimidation, rather than direct force or violence, at trial was improper because intimidation does not meet the requirements of the force clause. (See id.) Petitioner also appears to contest the Government's use of alternative theories as to whether Petitioner was considered the principal offender or whether he aided and abetted his co-conspirator.

However, as noted above, Petitioner's claim that armed bank robbery is not a crime of violence under the force clause is without merit. See McNeal, 818 F.3d at 153 ("Bank robbery under

§ 2113(a) 'by force and violence' requires the use of physical force. Bank robbery under § 2113(a), 'by intimidation,' requires the threatened use of physical force. Either of those alternatives includes an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)."). In addition, there is no basis for concluding that aiding and abetting armed bank robbery would not still qualify as a crime of violence. See, e.g., United States v. Polhill, 681 F. App'x 292 (4th Cir. 2017) (rejecting request to withdraw plea of guilty to "bank robbery and aiding and abetting bank robbery, 18 U.S.C. §§ 2113(a), 2 (2012) (Count One), and possession and discharge of a firearm in furtherance of a crime of violence and aiding and abetting the same, 18 U.S.C. §§ 924(c), 2 (2012) (Count Two)" because "Polhill's bank robbery conviction qualified as a predicate crime of violence for his § 924(c) conviction" in light of McNeal); Nisseau-Bey v. United States, Criminal Action No. ELH-10-552, 2018 WL 1898261 (D. Md. Apr. 20, 2018) (rejecting § 2255 motion challenging convictions for "armed bank robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2113(a), (d), (f) & 2" and "possession of a firearm in furtherance of a crime of violence and aiding

and abetting, in violation of 18 U.S.C. §§ 924(c) & 2" in light of McNeal); Chesson v. United States, No. 2:12-CR-27-BO-2, 2017 WL 7519380 (E.D.N.C. July 24, 2017) (same); United States v. Beach, Criminal Action No. 3:15CR12, 2017 WL 2177605 (E.D. Va. May 17, 2017) (same); see also United States v. Deiter, 890 F.3d 1203, 1216 (10th Cir. 2018) (affirming that aiding and abetting bank robbery was a violent felony pursuant to the Armed Career Criminal Act (ACCA)). Therefore, Petitioner's challenge on this ground is simply without merit and will be denied.

### B.   First Amended § 2255 Motion and Supplement

In his first Amendment, (Doc. 62), and Supplement, (Doc. 66), Petitioner presents four additional grounds for relief, some of which restate previous claims. First, Petitioner reasserts his claim that under Johnson his prior conviction for common law robbery is no longer a valid crime of violence predicate for purposes of the career offender enhancement. (Amended Motion, (Doc. 62), at 4.) As noted above, Petitioner's claim on this ground fails under Beckles and under Gattis.

Second, Petitioner reasserts his contention that under Johnson his conviction for armed bank robbery is not a crime of violence for purposes of the Guidelines or under § 924(c). (Id. at 6-9.) However, as discussed above, the Fourth Circuit has

specifically held that armed bank robbery is a crime of violence under the force clause of 924(c), and armed bank robbery therefore does not involve the residual clause at issue in Johnson. See McNeal, 818 F.3d at 153. Therefore, because the Fourth Circuit in McNeal held that armed bank robbery satisfies the force clause, Petitioner has no basis for challenging the § 924(c) conviction under Johnson.

Third, in his Supplement to his first Amended Motion, Petitioner brings an additional claim alleging that his prior common law robbery conviction is no longer a valid predicate under Mathis v. United States, ____ U.S. ____, 136 S. Ct. 2243 (2016), and United States v. Gardner, 823 F.3d 723 (4th Cir. 2016). However, such a challenge to a career offender sentence enhancement under the advisory guidelines would not be cognizable on collateral review. United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015). In addition, as discussed above, with respect to Petitioner's contention that his prior conviction for common law robbery is no longer a valid crime of violence predicate for purposes of the career offender enhancement, Petitioner's claim on this ground fails under Beckles and under Gattis.

Petitioner also brings a claim under United States v. Dean, ____ U.S. ____, 137 S. Ct. 1170 (2017), in his Supplement to this Amended Motion. In Dean, the Supreme Court held that in cases involving consecutive mandatory minimum sentences under 18 U.S.C. § 924(c), the sentencing judge may consider the overall length of the sentence, including the mandatory consecutive § 924(c) sentence, in determining the appropriate sentence for the underlying predicate offense using the sentencing factors in 18 U.S.C. § 3553(a). However, numerous district courts have found that the decision in Dean did not recognize a new rule of constitutional law that applies retroactively to § 2255 proceedings. See Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018) (affirming dismissal of § 2241 petition alleging Dean claim because "Dean has not been held to apply retroactively to cases on collateral review"). Therefore, Petitioner cannot bring a claim under Dean and his claim on this ground will be denied.

### C.   Second Amended § 2255 Motion and Supplement

In his later Amended § 2255 Motion, (Doc. 74), and Supplement, (Doc. 75), Petitioner reasserts his claim under Mathis and brings additional claims under United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017), and Nelson v.

Colorado, ___ U.S. ___, 137 S. Ct. 1249 (2017), challenging his conviction under § 924(c). However, none of these cases provide any basis for relief in this case. As discussed above, the Fourth Circuit has held that, even after Johnson, armed bank robbery remains a crime of violence. See McNeal, 818 F.3d at 152. Therefore, Petitioner's claims under Mathis and O'Connor are both without merit and will be denied.

In the Supplement, (Doc. 75), Petitioner also contends that under Nelson, he should not have received a sentence enhancement under U.S.S.G. § 2B3.1(b)(7)(B) for a loss totaling more than $10,000 but less than $50,000 and should not have been ordered to pay restitution in the full amount of $14,808.87. Specifically, Petitioner challenges the calculation of the total loss amount from the bank in the course of the bank robbery used at sentencing, and instead contends that the court was bound by the stated loss at trial. At trial, a portion of the stated losses were excluded on hearsay grounds. (Trial Tr., Vol. 2 (Doc. 44) at 111–12.) Therefore, at trial, the jury was presented with evidence of approximately $5,821.00 in losses, but at sentencing the court calculated the total losses at $14,808.87. (See Trial Tr., Vol. 3 (Doc. 42) at 40; Supplement (Doc. 75) at 2.) Petitioner argues that, under Nelson, this

greater calculation at sentencing, which resulted in a one point
increase in his offense level and the imposition of restitution
of this amount, is improper because "[t]he [r]edacted amount is
considered dismissed conduct because [o]f the [h]earsay [r]ule."
(Supplement (Doc. 75) at 2.) However, Petitioner's argument is
simply without merit. The Supreme Court in <u>Nelson</u> held that a
state may not require a defendant to prove his/her innocence by
clear and convincing evidence in order to be entitled to a
refund of any costs, fees, or restitution that were paid as part
of a later overturned or invalid conviction. <u>Nelson</u>, 137 S. Ct.
at 1255. It is not clear how <u>Nelson</u> would apply to the case at
hand because Petitioner's conviction was not held to be invalid
in any way.

Moreover, in this case, the specific amount of loss that
was entered into evidence at trial, which excluded some amounts
based on hearsay, did not in any way acquit Petitioner of any
charges, and the issue of proof was considered at sentencing
under the rules applicable to that proceeding. (Sentencing Hr'g
Tr. (Doc. 42) at 5-10.) As noted in the discussion of this issue
at Petitioner's sentencing, the inclusion of the additional
funds in the total loss amount at sentencing was appropriate
under the relevant conduct provision of the Guidelines, and

there is no evidence of any overturned or dismissed counts against Petitioner. Therefore, Petitioner's argument under Nelson fails as a matter of law and his claim based on such will be denied.

### E. **Motion to Amend**

Petitioner also filed a Motion to Amend, (Doc. 77), in light of Sessions v. Dimaya, ____ U.S. ____, 138 S. Ct. 1204 (2018), and United States v. Fluker, 891 F.3d 541 (4th Cir. 2018). However, these decisions would not affect the outcome of his § 2255 Motion. Petitioner first argues that under Dimaya he should no longer be classified as a career offender and that his § 924(c) conviction is no longer valid. The United States Supreme Court in Dimaya extended to 18 U.S.C. § 16 the reasoning of Johnson, which, as previously noted, upheld a vagueness challenge under the Due Process Clause with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e). To the extent that Petitioner is arguing that he should not have been classified as a career offender, Dimaya did not extend that reasoning to the advisory Guidelines. Further, as previously noted, under Beckles, the advisory Guidelines, specifically the career offender enhancement, are not subject to the type of vagueness challenge that prevailed in Johnson. See Beckles, 137 S. Ct. at

895. Thus, like the petitioner in <u>Beckles</u>, Petitioner cannot
seek relief from his sentence based on that type of challenge.
<u>Dimaya</u> in no way overruled or altered the holding of <u>Beckles</u>
regarding challenges to the career offender enhancement.

Petitioner's challenge to his § 924(c) conviction based on
<u>Dimaya</u> also fails as a matter of law. As previously discussed,
the Fourth Circuit in <u>McNeal</u> has already determined that armed
bank robbery is a crime of violence under the force clause of
§ 924(c)(3)(A). <u>McNeal</u>, 818 F.3d at 152. Therefore, Petitioner
cannot be afforded relief on his claim under <u>Dimaya</u> and this
claim is without merit.

Next, Petitioner contends that under <u>Fluker</u> his prior
common law robbery conviction is no longer a valid predicate in
support of the career offender enhancement. However,
Petitioner's claim on this basis also fails as a matter of law.
The Fourth Circuit in <u>Fluker</u> held that the defendant's Georgia
robbery conviction did not qualify as a valid crime of violence
predicate because it was broader than the generic definition of
robbery as defined in <u>United States v. Gattis</u>, 877 F.3d 150 (4th
Cir. 2017). However, Petitioner's prior common law robbery
convictions were North Carolina convictions, not Georgia
convictions. Therefore, <u>Fluker</u> cannot afford Petitioner any

relief. Moreover, as discussed above, Petitioner's collateral challenge to his career offender designation under the advisory guidelines based on a vagueness grounds is barred by <u>Beckles</u>. Thus, Petitioner's challenge to his career offender designation based on <u>Fluker</u> is also without merit and will be denied.

### F.   <u>Motion for Judgment and For Counsel</u>

Petitioner later filed a Motion for Judgment on the Pleadings, (Doc. 78), contending that he was entitled to judgment because the Government failed to respond after being ordered to do so. However, the Government filed a Response as previously ordered, and no subsequent response was ordered or required. Therefore, the Motion for Judgment on the Pleadings is without basis and will be denied.

Finally, Petitioner recently filed a Motion for Appointment of Counsel, (Doc. 80). However, counsel was previously appointed to represent Petitioner as to his claims under <u>Johnson</u>, and appointed counsel noted that after reviewing the record, there was no basis for filing a Reply in this case, (Doc. 72). Petitioner has continued to present his claims, which the court has considered. There is no basis for further appointment of counsel in this case, and this request will be denied.

### III. **CONCLUSION**

Petitioner's claims fail as a matter of law and he is entitled to no relief under his § 2255 Motion, as amended and supplemented.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Amend, (Doc. 77), Motion for Judgment on the Pleadings, (Doc. 78), and Motion to Appoint Attorney, (Doc. 80), are **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 60), as amended and supplemented, is **DENIED,** and this action is dismissed.

A Judgment dismissing this action will be entered contemporaneously with this Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 9th day of September, 2019.

_____
              United States District Judge